UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shaheen Cabbagestalk, # 295567, | ) C/A No. 5:13-3493-RMG-KDW |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Judge John Davis, of Dillon County Magistrate, | ) |
| | ) |
| Defendant. | ) |
| | ) |

This case is before the court on a pro se Complaint filed by a state prison inmate.[1] Shaheen Cabbagestalk ("Plaintiff") filed a Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915. ECF No. 2. Plaintiff's Motion should be denied, and his Complaint should be dismissed if he fails to timely pay the full filing fee because Plaintiff is subject to the so-called "three-strikes" rule of the Prison Litigation Reform Act (PLRA), and he does not allege that he is under imminent danger of serious physical injury.

The three-strikes rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This three-strikes rule was enacted to bar prisoners, such as Plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

litigation without prepayment of the filing fee. To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay the filing fee in full. However, Plaintiff should be aware that all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer, or employee are subject to screening pursuant to 28 U.S.C. § 1915A, even those lawsuits in which the full filing fee is paid at the time of filing. *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006).

     Plaintiff is incarcerated at the Lee Correctional Institution, part of the South Carolina Department of Corrections. In the civil Complaint now under review, Plaintiff asserts that the Defendant, a Dillon County Magistrate, set a $ 35,000 appearance bond ("Dillon County bond") for him on his armed robbery and assault and battery with intent to kill charges in January 2007 "to underwrite the prison time for me to be kidnapped in prison and enslaved for settlement and closure which the criminal prosecution of 8/28/07 was used for raising revenue for United States of America."[2] He alleges that the $ 35,000 bond amount was "created out of thin air and has [him] kidnapped and put in slavery illegally." Compl. 3, ECF No. 1. He continues that Defendant is somehow "illegally trading" with the bond in Plaintiff's name without his consent, but he gives no supporting facts about this trading or how it is being done or with whom. The allegations are not tied to anything particular that the named Defendant personally did with the subject criminal court

---

[2]Plaintiff does not state what the nature of the "bond" was; however, for purposes of this Report, the undersigned is presuming that he is referring to an initial "appearance bond," which is the only type of bond that a South Carolina county magistrate judge is statutorily authorized to address at the time of a criminal defendant's arrest. *See generally* S. C. Code Ann. §§ 22-5-510 (county magistrates' duty to set bail and hold bond hearings), 17-15-10 (court considering pretrial release of charged person may set bail and "require execution of an appearance bond . . . ."); 8A Am. Jur. 2d *Bail and Recognizance* § 7 (2d ed. 2013) (magistrates or municipal judges generally set pretrial bail requiring an appearance bond). Long ago, the United States Supreme Court held that the kind of "bonds" used to secure debt or other obligation to another in the national financial markets are not the same as bail bonds in criminal cases. *United States v. Ryder*, 110 U.S. 729, 738-39 (1884).

appearance bond. Instead, most of Plaintiff's allegations consist of a general discussion of his conception of the process of bond trading in the United States financial system, which he refers to as the "bond market." *Id*. He asks this court to order Defendant to return the Dillon County bond to him and to award him $ 1 million/day for the time that Defendant has allegedly "embezzled money off this bond . . . ." He also asks for criminal prosecutions for "all involved . . . ." *Id*. at 5. There are no allegations showing that Plaintiff is in imminent danger of serious physical injury as a result of Defendant's bond-setting activities.

This is the 18th civil action Plaintiff has filed in this court since May 2006. This court may take judicial notice[3] of the three civil actions filed by Plaintiff in which a "strike" has been entered because the civil actions were finally dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *Cabbagestalk v. Headquarters Classifications*, Civil Action No. 3:08-cv-03982-SB; *Cabbagestalk v. Richstad*, Civil Action No. 3:09-cv-01834-SB ; *Cabbagestalk v. SC Bar Head Person of Establishment*, Civil Action No. 5:13-cv-03037-RMG.

In light of Plaintiff's prior strikes, he cannot proceed with the instant Complaint unless his claim satisfies the exception for imminent physical harm provided by the three-strikes rule. *See* 28 U.S.C. § 1915(g); *Blakely v. Wards*,738 F.3d 607, 611-10 (4th Cir. 2013); *McLean v. United States,* 566 F.3d 391, 397 (4th Cir. 2009); *Green v. Young*, 454 F.3d at 407. This Complaint does not fit within this exception to enable Plaintiff to proceed *in forma pauperis*. Plaintiff does not allege that he is in imminent danger of serious physical injury from the alleged bond procedure of which he complains. Therefore, to proceed with this Complaint, Plaintiff must pay the full filing fee. If

---

[3] *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'").

3

<u>Plaintiff timely pays the filing fee, his Complaint will still be subject to review by the undersigned to determine if service of process should be authorized.</u>

Moreover, even if Plaintiff were not struck out, the Complaint filed in this case fails to state a viable § 1983 claim (or any other claim for that matter) against the named Defendant because he is entitled to absolute judicial immunity. It is settled law that the setting of appearance bonds and subsequent decisions about how those bonds should operate are committed to judicial discretion and protected by judicial immunity. *See, e.g.*, *Walczyk v. Rio,* 496 F.3d 139, 164-65 (2d Cir. 2007) (citing *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985)(setting bail and dealing with bail bonds is a judicial function); *Huffer v. Bogen*, 503 F. App'x 455, 459 (6th Cir. 2012) (judicial immunity for judicial acts involving setting bonds even if improper or in excess of judicial authority); *see also United States v. Kirkman*, 426 F.2d 747, 751 (4th Cir. 1970) (dealing with appearance bonds in the criminal case context is committed to judicial discretion).

**Recommendation**

It is recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* be denied. It is further recommended that Plaintiff be given 15 days from the date the district judge rules on this Report to pay the filing fee (currently $350),[4] <u>and that the Office of the Clerk of Court withhold entry of judgment until such time expires</u>.

If Plaintiff fails to pay the filing fee within the time permitted, it is further recommended that the Complaint be dismissed without prejudice under the three strikes rule of 28 U.S.C. § 1915(g), and that the Clerk enter the required final judgment at the close of the 15-day period permitted for

---

[4] Effective May 1, 2013, an administrative fee of $50 is added to the filing fee of $350, thus making the total required to be paid $ 400.

4

payment of the filing fee.

    IT IS SO RECOMMENDED.

February 24, 2014                                            Kaymani D. West
Florence, South Carolina                       United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).